(38 Misc. Rep. 807.)

LIEBMAN v. ABRAMSON, Marshal (two cases).

(City Court of New York, General Term. June, 1902.)

1. TROVER AND CONVERSION—DAMAGES—VALUE OF PROPERTY.
    Where in an action in conversion there is no evidence as to the value of the goods, susceptible of sustaining the amount of the verdict, judgment based thereon will be reversed.

Appeal from trial term.

Actions by Wolf Liebman and another, and by Hirsch Liebman, against Samuel l. Abramson. From judgments in favor of plaintiffs, and from orders denying motions for new trials, defendant appeals. Reversed.

Argued before HASCALL, O'DWYER, and DELEHANTY, JJ.

Emanuel Hertz (Edward Hymes, of counsel), for appellant.
Abraham H. Sarasohn, for respondents.

DELEHANTY, J. The actions were in conversion, and by stipulation were tried together before the same jury, and resulted in separate verdicts for plaintiffs. After several trials in the municipal court, resulting in an appeal to the appellate term, similar actions were there discontinued, and new cases brought in this tribunal. In view, therefore, of the unfortunate experience of the parties in securing a judgment that would stand the test of law, we would like to avoid the necessity of further trials, but the condition of the record

precludes us from so doing. There is no evidence in the case susceptible of sustaining the verdicts rendered, which are in conflict with the proof of value offered by plaintiff. In the Hirsch Liebman case there was no evidence of value, except the testimony of the witness Sarasohn, considered by us improperly admitted; and yet the jury arbitrarily fixed the sum of $65 as the verdict in that case. In the other action it is incomprehensible how the jury reached the result it did. It certainly was not warranted by the bill of sale in evidence, nor by the expert testimony of the witness Gilroy, the only proof in the case on the question of value offered by the plaintiff.

There are exceptions in the case worthy of notice, but, in view of the conclusion reached, it is unnecessary to discuss them. The judgment and order in each case must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.